The PEOPLE of the STATE OF CALI-FORNIA ex rel. John K. Van De KAMP, Attorney General of the State of California, Plaintiffs,

v.

The TAHOE REGIONAL PLANNING AGENCY, Defendant.

LEAGUE TO SAVE LAKE TAHOE, Plaintiff,

v.

TAHOE REGIONAL PLANNING AGENCY, et al., Defendants.

Tahoe-Truckee Sanitation Agency, Tahoe Shorezone Representation, State of Nevada, Intervenors.

Civ. Nos. S–84–561 EJG, S–84–565 EJG.

United States District Court, E.D. California.

Sept. 19, 1986.

Susan E. Scholley, Tahoe Regional Planning Agency, Zephyr Cove, Nev., for defendant Tahoe Regional Planning Agency.

E. Clement Shute, Jr., Shute, Mihaly & Weinberger, San Francisco, Cal., for plaintiff League to Save Lake Tahoe.

Marta Adams, Deputy Atty. Gen., State of Nev., Carson City, Nev., for Intervenors Nevada.

William T. Chidlaw, Sacramento, Cal., for Intervenors Tahoe Shorezone Representation.

Richard M. Skinner, Deputy Atty. Gen., State of Cal., Sacramento, Cal., for plaintiff California.

ORDER GRANTING TAHOE REGIONAL PLANNING AGENCY'S MOTION TO MODIFY AND DENYING TAHOE SHOREZONE REPRESENTATION'S MOTION TO MODIFY *

EDWARD J. GARCIA, District Judge.

These consolidated actions are before the court on motions by defendant Tahoe Regional Planning Agency (TRPA) and intervenor defendant Tahoe Shorezone Representation (TSR) to modify the court's preliminary injunction order of August 9, 1984. TRPA also seeks clarification of the order with respect to the ongoing process of amending the order so as to exempt projects on which the parties agree.[1] The modifications sought by TRPA would ease the current restrictions on certain shorezone projects, particularly with respect to water related structures.[2] All parties herein have filed statements of non-opposition to the motion save one. TSR has filed a counter-motion to modify which opposes the motion by TRPA as not going far enough in permitting shorezone project development. TSR concedes that the evidence in the record supports TRPA's motion to modify but not the conditions that TRPA would impose on the granting of a project permit. Relying on essentially the same arguments as previously asserted in the past, TSR contends that the conditions would be too costly and therefore unreasonable. For that reason, TSR opposes TRPA's motion and urges that its alternative motion should be granted.

The court notes that this is the fifth time TSR has litigated this question, including once before the Ninth Circuit (*People, etc. v. TRPA*, 766 F.2d 1319 (9th Cir.1985)). With only minor deviation, TSR relies on the same evidence and legal arguments in this motion as it did in its previous efforts. Beyond what was previously submitted, TSR adds three declarations regarding shorezone structures, and a preemption argument. The new declarations include two (Hazel and Morrish) which state that water related structures are good for fish habitat and one (Hagadorn) which states that such structures tend to stabilize the shoreline. However, TSR has still not shown that the mitigation measures required in the order as a condition for structural repairs or projects are unreasonable. Moreover, TSR still fails to recognize that even absent the preliminary injunction order, the TRPA shorezone ordinance would nevertheless require many of the restrictions about which TSR complains. See *People, etc. v. TRPA, supra,* 766 F.2d at 1325.

TSR's attack on paragraphs 9–B, 9–C, and 9–D of TRPA's proposed modification is also without merit. Paragraphs 9–C and 9–D merely attempt to protect and restore fish habitats. They also put project proponents on notice that TRPA plans a forthcoming study of the effect of piers and other water related structures on fish habitat and on the restoration of the currently degraded fish habitat. The study may result in rule changes and paragraph 9–C simply admonishes a project proponent that compliance with such changes will be required.

TSR's attack on paragraph 9–B, which seeks to assure that shorezone projects will not pose a hazard to navigation, asserts that any such restrictions are preempted by 33 U.S.C. §§ 401–406. This argument is also meritless. Section 403 prohibits "the creation of any obstruction not affirmatively authorized by Congress to the navigable capacity of the waters of the United States

---

* Defendant, Tahoe Regional Planning Agency's request that this order be published is granted.

1. To date, the settlement negotiations of the parties herein have resulted in some 17 stipulations and orders amending the original injunction order.

2. The proposed modifications are substantially the same as that previously stipulated to by plaintiffs and all other parties except TSR. The stipulation was submitted as an alternative to TSR's prior motion to modify which was heard and denied on May 23, 1986. Because TSR emphatically rejected the concessions made by plaintiffs in that stipulation, the court denied the modifications which plaintiffs were willing to offer TSR as well as TSR's motion.

... except on plans recommended by the Chief of Engineers and authorized by the Secretary of the Army." Assuming that this language preempts and precludes state jurisdiction to prevent navigational hazards, TSR completely ignores the role of the Congress in approving the Tahoe Compact which establishes the jurisdiction of TRPA. See P.L. 96–551, 94 Stat. 3233.[3]

Because the additional matters raised by TSR have no merit, and there being no further opposition, TRPA's motion to modify is granted, and TSR's alternative motion to modify is denied.

The court further grants TRPA's request for clarification of the August 9, 1984 order which states that "any further exceptions to this injunction, to be effective, must be agreed to in writing by the plaintiffs and approved by the court." Although the parties have established a practice in the past of obtaining signed stipulations from the intervenor defendants, the court never ordered nor required that practice. Because the intervenors opposed the granting of an injunction and have not moved for an order restricting or prohibiting TRPA's issuance of project development permits, the court does not intend to require that practice in the future. However, if any intervenor objects to a particular modification, they are free to file formal objections or a motion.

IT IS SO ORDERED.

**3.** This court has already reviewed and rejected a similar preemption argument in *City of South Lake Tahoe v. TRPA,* Civ. No. S–84–819 EJG in a summary judgment ruling in favor of TRPA filed April 18, 1985.